## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN HERBERT,<br><br>              Plaintiff,<br><br>    v.<br><br>THE LITIGATION DOCUMENT GROUP, et al.,<br><br>              Defendants. | Case No. 2:17-cv-01536-KJD-CWH<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is defendant The Litigation Document Group's motion for leave to amend its answer (ECF No. 42), filed on June 13, 2018. Plaintiff Brian Herbert filed a response (ECF No. 44) on June 27, 2018. Defendant replied (ECF No. 45) on July 3, 2018.

**I.   BACKGROUND**

This is an employment discrimination case brought under the Americans with Disabilities Act of 1990. (Compl. (ECF No. 1).) Plaintiff alleges that his former employer, defendants, retaliated against plaintiff after plaintiff requested an extension of his reasonable accommodation. (*Id.*) Defendants subsequently filed their answer on September 11, 2017, admitting that plaintiff was an employee and that defendants regularly employed 15 or more employees at the time of plaintiff's employment. (Ans. (ECF No. 12).) The court issued a scheduling order, stating that December 17, 2017 was the deadline to amend the pleadings. (Scheduling Order (ECF No. 31).)

Defendants now move to amend their answer to deny the allegation that defendants regularly employed more than 15 employees at the time of plaintiff's employment. (Mot. for Leave to File Am. Ans. (ECF No. 42).) Plaintiff responds that defendants did not demonstrate good cause, and thus the motion should be denied. (Resp. (ECF No. 44).) Defendants reply that the good cause standard is inapplicable to their motion.

**II.   ANALYSIS**

As a general rule, "a party may amend its pleadings once as a matter of course" within twenty-one days of service, or within twenty-one days after service of a responsive pleading or

motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). The court has broad discretion to grant or deny leave to amend, but should grant leave when "justice so requires." *Id.*; *see also Mir v. Fosburg*, 646 F.3d 342, 347 (9th Cir. 1980). The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, once the court issues a pretrial scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure, the court must first apply the governing "good cause" standard. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Id.* In addition, the carelessness of the party "is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609.

In *Johnson*, the Ninth Circuit applied Rule 16's good cause standard when the plaintiff moved to amend his complaint to add an additional party, rather than making a specific request to amend the scheduling order. *See* 975 F.2d at 608-09. There, the court held that plaintiff had not demonstrated good cause when he failed to heed signs that not all parties were named in the action. *Id.* at 609. Further, the court noted that plaintiff held the burden to properly prosecute his case, and his failure to pay attention to the signs in the discovery responses is the same type of case management issue Rule 16 seeks to cure. *Id.* at 610.

Though defendants have not specifically requested a modification of the scheduling order, a motion to amend the pleadings after the court-ordered deadline is a de facto request to modify the scheduling order. *See Johnson*, 975 F.2d at 608-09. Given that the scheduling order provided December 17, 2017 as the last day to amend the pleadings, the court will evaluate defendants' motion according to Rule 16's good cause standard.

The scheduling order states that December 12, 2017 was the deadline to amend the pleadings or to add parties. Defendants then filed this motion to amend their answer on June 13, 2018, after the deadline to amend and after the close of discovery. Defendants contends that in

1  their answer, counsel mistakenly admitted that defendants employed 15 or more employees at the
2  time plaintiff was employed.  Further, defendants add that it only recently discovered the mistake
3  in preparation for depositions, because plaintiffs failed to serve defendants with written
4  discovery.  Defendants argue that had discovery been conducted prior to the original deadline,
5  defendants would have caught the mistake.

6  The court finds that defendants have failed to demonstrate good cause for their motion to
7  amend.  In particular, defendants filed their answer in September of 2017, three months prior to
8  the deadline to amend the pleadings.  The fact that defendants did not confirm the responses in
9  the answer for almost nine months does not amount to a showing of diligence.  Further, the fact
10 that plaintiffs failed to serve written discovery does not eliminate defendants' failure to promptly
11 correct their own mistake.  In *Johnson*, the court stated that "carelessness is not compatible with a
12 finding of diligence and offers no reason for a grant of relief."  *Johnson*, 975 F.2d at 609.
13 Similarly, defendants may not mask their carelessness as diligence in an attempt to seek relief.
14 Therefore, it is recommended that defendants' motion to amend their answer be denied.

15 **III.   CONCLUSION**

16 IT IS THEREFORE RECOMMENDED that defendant's motion for leave to file an
17 amended answer (ECF No. 42) be DENIED.

18 **IV.   NOTICE**

19 This report and recommendation is submitted to the United States district judge assigned
20 to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation
21 may file a written objection supported by points and authorities within fourteen days of being
22 served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely
23 objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d
24 1153, 1157 (9th Cir. 1991).

25 DATED: October 30, 2018

26
27 _____
   C.W. HOFFMAN, JR.
   UNITED STATES MAGISTRATE JUDGE
28